Last revised June 16, 2025

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

**STANDING ORDER FOR CIVIL TRIALS BEFORE MAGISTRATE JUDGE BEELER**

OVERALL DEADLINES ........................................................................................................... 1

PRETRIAL FILINGS ............................................................................................................... 1
   1. Collated Motions in Limine: Twenty-One Days Before Pretrial Conference ...................... 1
   2. Pretrial Filings: Twenty-One Days Before Pretrial Conference ........................................... 2
      2.1 Joint Jury Questionnaire ................................................................................................ 2
      2.2 Joint Proposed Pretrial Order ....................................................................................... 2
         2.2.1 Signed Stipulations ............................................................................................... 2
         2.2.2 Joint Exhibit List ................................................................................................... 2
         2.2.3 Witness Lists ........................................................................................................ 2
         2.2.4 Joint Proposed Verdict Form ............................................................................... 2
         2.2.5 Joint Jury Instructions (Disputed and Undisputed) and Memoranda of Law .... 3
         2.2.6 Trial Briefs on Remaining Issues ......................................................................... 3
         2.2.7 Copies of Federal Rule of Civil Procedure 26(a)(3) Disclosures ...................... 3
         2.2.8 Chambers Copies ................................................................................................. 3
   3. Exhibits and Designations: Fourteen Days Before Pretrial Conference ............................. 3
   4. Other Procedures for Exhibit Organization ......................................................................... 4
   5. Deposition Designation for Witnesses Appearing by Deposition ....................................... 5
      5.1 Designating Counsel ..................................................................................................... 5
      5.2 Reviewing Counsel ........................................................................................................ 5
      5.3 Counsel to Meet and Confer Regarding Adjustments ................................................ 5
      5.4 Designating Counsel to Assemble Final Packet ......................................................... 5
      5.5 Counter-Designations ................................................................................................... 6
   6. Video Depositions ................................................................................................................... 6
   7. Requests for Admissions and Interrogatories ..................................................................... 6

TRIAL PROCEDURES ............................................................................................................ 6
   1. Trial Schedule and Court Reporters ..................................................................................... 6
   2. Jury Selection .......................................................................................................................... 7
   3. Other Trial Logistics ............................................................................................................... 7
      3.1 Juror Notes and Questions ........................................................................................... 7

3.2 Trial Time Limits ........................................................................................................ 8
3.3 Advance Notice at Trial: Opening Statements and Witness Order of Proof................ 8
3.4 Witness Examinations ................................................................................................. 8
3.5 Expert Testimony ........................................................................................................ 9
3.6 Use of Depositions to Impeach a Trial Witness .......................................................... 9
3.7 Use of Depositions of Party-Opponents .................................................................... 10
3.8 Use of Depositions for Witnesses Appearing Only by Deposition ........................... 10
3.9 Exhibits...................................................................................................................... 10
3.10 Stipulations................................................................................................................ 11
3.11 Objections.................................................................................................................. 11
3.12 Sidebar Conferences.................................................................................................. 11
3.13 Charging Conference................................................................................................. 11
4. Additional Procedures for Bench Trials ............................................................................. 11

## OVERALL DEADLINES

The following are the presumptive deadlines.

| Case Event | No-Later-Than Date |
|---|---|
| Parties to meet and confer about pretrial filings | Forty-five days before the Pretrial Conference |
| Serve (but do not file) motions in limine | Thirty days before the Pretrial Conference |
| Serve oppositions to motions in limine | Twenty-three days before the Pretrial Conference |
| Pretrial filings due (motions in limine, joint pretrial order, stipulations, witness and exhibit lists, proposed jury instructions, verdict forms, and jury questionnaire, and trial briefs) | Twenty-one days before the Pretrial Conference |
| Lodge exhibits, deposition designations, admissions and interrogatories designations, and objections | Fourteen days before the Pretrial Conference |

## PRETRIAL FILINGS

The following are the procedures and deadlines for pretrial filings.

**1. Collated Motions in Limine: Twenty-One Days Before Pretrial Conference**

No later than thirty days before the pretrial conference, the parties must serve (but not file) their motions in limine, which generally should not exceed five motions, are limited to seven pages each (absent leave of court), must be limited to circumstances requiring advance ruling, and must be titled "[Party's Name]'s Motion in Limine [#] to Exclude [Subject]." Seven days later (no later than twenty-three days before the final pretrial conference), the opposing party must serve its separate oppositions, each in a separate memorandum entitled "[Party's Name]'s Opposition to Motion in Limine [#] to Exclude [Subject]," and limited to seven pages each (absent leave of court). There will be no reply briefs. The moving party must collate and file each motion and opposition in paired sets two days later, meaning, no later than twenty-one days before the pretrial conference, and notice them for a hearing at the pretrial conference. Collated chambers copies must be submitted in a binder, labeled on the front and spine with the case name and "Motions in Limine," with labeled tabs for the individual motions.

STANDING ORDER FOR CIVIL TRIALS            1

**2. Pretrial Filings: Twenty-One Days Before Pretrial Conference**

**2.1 Joint Jury Questionnaire**

The jury office will send prospective jurors an online questionnaire with standard questions that are asked in every case, including a statement of involved persons. Parties may propose a total of ten additional questions, which also must be emailed to lbpo@cand.uscourts.gov.

**2.2 Joint Proposed Pretrial Order**

The parties' joint proposed order must have (1) a description of the claims and defenses to be decided, (2) a statement of the relief sought, (3) all stipulated facts, (4) a list of disputed fact issues to be tried, organized by claim and described with the same specificity as any contested element in the model jury instructions, (5) the parties' trial estimates, including attorney voir dire, opening statements, examination of witnesses, and closing arguments (informed by the witness examination times contained in their witness lists, discussed below), and (6) the status of settlement negotiations. It must attach the following:

**2.2.1 Signed Stipulations**

These must be in a form that can be introduced as evidence at trial.

**2.2.2 Joint Exhibit List**

The list must have columns for exhibit number, description and bates range, offered into evidence, admitted into evidence, sponsoring witness, and limits on use.

**2.2.3 Witness Lists**

The parties must exchange their witness lists thirty days before the pretrial conference. They must file witness lists for their case-in-chief witnesses (including those appearing by deposition) with a short summary of the testimony, an estimated time for direct and cross-examinations, and any special issues such as use of an interpreter and why, if multiple witnesses are proposed on the same topic, the testimony is not duplicative. Absent good cause, experts and witnesses not included on the witness list may not be used in a party's case-in-chief.

**2.2.4 Joint Proposed Verdict Form**

The parties can offer separate proposals when they disagree and must include any model verdict forms (such as CACI forms). They must submit word copies to lbpo@cand.uscourts.gov.

### 2.2.5  Joint Jury Instructions (Disputed and Undisputed) and Memoranda of Law

The parties must file joint instructions, using model instructions when possible, in the order that they should be given, and include separate proposed preliminary instructions and final instructions. They must submit word copies to lbpo@cand.uscourts.gov.

The instructions must include a table of contents and be supported by citations to the authority for the instruction (e.g., to the Ninth Circuit Model Jury Instructions or CACI). If undisputed, an instruction must be labeled "Stipulated Instruction." If disputed, the parties' versions must bear the same instruction number, be labeled with the sponsoring party's name, and be inserted back to back in the logical place in the overall sequence. If the opposing party does not have a counter instruction and instead contends that no instruction should be given, the party must say so in a separate page inserted in lieu of the alternate instruction. If the parties modify a model instruction, they must identify the modification clearly in a blackline and include the model instruction in the packet.

The parties must include a short statement of the case to be read to the jury during voir dire as part of the preliminary instructions.

Each party must file a memorandum of law — organized by instruction number — regarding disputed jury instructions.

### 2.2.6  Trial Briefs on Remaining Issues

Trial briefs are optional.

### 2.2.7  Copies of Federal Rule of Civil Procedure 26(a)(3) Disclosures

### 2.2.8  Chambers Copies

The chambers copies of these materials must be submitted in a binder, labeled on the front and spine with the case name and "Pretrial Submissions," with labeled tabs separating the filings by topic to reflect the organization in this section.

## 3. Exhibits and Designations: Fourteen Days Before Pretrial Conference

First, the parties must lodge a joint, single set of all trial exhibits marked "Original Exhibits," either as a thumb drive or in three-ring binders. If binders, then each exhibit must be tagged and separated by a label divider identifying the exhibit number. The binder spines must identify the

STANDING ORDER FOR CIVIL TRIALS               3

exhibits in a particular binder. A thumb drive must reflect a comparable organization. The parties must lodge a hard copy of the exhibits labeled "Chambers Copy" with any updated (and filed) exhibit list in each binder. The parties must confer and weed out extra exhibits along the way.

Second, the parties must file and lodge deposition designations for witnesses appearing only by designation, copies of designations of interrogatories and admissions, and objections to exhibits and use of depositions (as set forth in Federal Rule of Civil Procedure 26(a)(3)(B)). Objections not raised are waived.

The chambers copies of these materials must be submitted in binders, labeled on the front and spine with the case name and a description of the contents, and have labeled tabs separating the filings to reflect the organization in this section.

**4. Other Procedures for Exhibit Organization**

Before submitting exhibit lists and binders, counsel must meet and confer to establish usable numbering conventions and eliminate duplicate exhibits. Use numbers only, and if possible, exhibit numbers should be the same numbers used in depositions. Otherwise, the deposition transcript must be conformed to the new exhibit number to avoid jury confusion and to ensure that every exhibit has a unique number. Blocks of numbers should be assigned to fit the needs of the case: *e.g.,* Plaintiff has 1 to 99, Defendant A has 100 to 199, Defendant B has 200 to 299, et cetera. All exhibits must be marked "Trial Exhibit No.," not Plaintiff's Exhibit or Defendant's Exhibit. A single exhibit must be marked just once. The exhibit tag must be in the following form and must be affixed on or near the lower right-hand corner if possible and on the back if it is not. Counsel must fill in the tag but leave the last two lines blank.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**TRIAL EXHIBIT 100**

Case No. _____

Date Entered _____

By_____
     Deputy Clerk

**5. Deposition Designation for Witnesses Appearing by Deposition**

These procedures apply only to deposition designations for witnesses who appear by deposition and do not apply to reading depositions of live witnesses into the record while the witnesses are testifying.

**5.1 Designating Counsel**

To designate deposition testimony, counsel must photocopy the cover page, the page where the witness is sworn, and each page with any proffered testimony (with lines through testimony not proffered). Counsel must put lines through objections or colloquy unless they are needed to understand the question. Any corrections (including conforming exhibit numbers to trial exhibit numbers) must be done by hand. The finished packet must be the script that allows smooth presentation of the witness, the oath, and the testimony. The packet must be provided to the other parties at least thirty days before the pretrial conference. For voluminous designations, the court requires advance notice by designating counsel because more lead time is required. Counsel must be reasonable.

**5.2 Reviewing Counsel**

Reviewing parties must promptly review the packet and highlight in yellow any passages objected to and write in the margin the legal basis for the objections. If a completeness objection is made, the objecting party must insert the additional passages needed to cure the completeness objection. A completeness objection generally should be made only if a few extra lines will cure the problem. Such additions must be highlighted in blue, and an explanation for the inclusion must be legibly handwritten in the margin. Counsel must line out any irrelevant portions of the additional pages. Reviewing counsel must return the packets to the proffering party to consider whether to accept the adjustments.

**5.3 Counsel to Meet and Confer Regarding Adjustments**

Counsel must meet and confer to address reviewing counsel's comments and any other issues.

**5.4 Designating Counsel to Assemble Final Packet**

Counsel for the proffering party must collate and assemble a final packet that covers all remaining issues and provide it to the court fourteen days before the pretrial conference. Any

objections must be highlighted and annotated as described in this section. If exhibits are needed to resolve the objections, designating counsel must include copies, with the relevant passages highlighted and tagged. The court will read the packet and make its rulings in the margins in a distinctive manner.

### 5.5 Counter-Designations

The reviewing party must make any counter-designations by providing a packet with the counter-designated passages to the original designating counsel at the same time as the reviewing party returns its objections to designating counsel. The original designating counsel must supply any objections in the manner described in this section.

## 6. Video Depositions

The parties must follow the same procedures to facilitate ruling on objections. The videos must omit dead time, objections, and colloquy not necessary to understand the answers.

## 7. Requests for Admissions and Interrogatories

Counsel must designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations.

## TRIAL PROCEDURES

### 1. Trial Schedule and Court Reporters

Trials start on Mondays. The pretrial conference is two Thursdays (eleven days) earlier, at 1:00 p.m. Lead counsel for each party must attend. Depending on the district's overall trial schedule, jury selection can occur the week before the official Monday trial start.

The parties must arrange daily or real-time reporting at least fourteen days before trial with the court-reporter supervisor at 415-522-2079 and by email to lbcrd@cand.uscourts.gov. The parties meet with the court's courtroom deputy (lbcrd@cand.uscourts.gov or 415-522-3140) at least fourteen days before trial to work out all technical and courtroom issues.

The trial day is 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness), Monday through Friday, generally with a fifteen-minute break every ninety minutes, depending on the availability of court reporters. Counsel must arrive at 8:15 a.m. The courtroom is open at 8:00 a.m., and the court reserves witness rooms for each side, which also allows storage of equipment. The court will hold an instructions conference during trial.

### 2. Jury Selection

The court's jury-selection procedures are as follows.

Several days before jury selection, the Clerk's office will provide the parties the responses to the jury questionnaires and a list of the jurors in the order of call (as opposed to a random list). At least a day before jury selection, the court has a short hearing to address any agreed-to challenges for cause or hardship. (Any disputes will be addressed only during jury selection.)

The court's jury-selection procedures vary depending on the length of the trial and the resulting size of the jury. Assuming the ordinary jury of eight and six peremptory challenges, the court will call twenty-one jurors, which fills the jury box and a row in front of the box. The remaining jurors are seated in order (starting with number twenty-two) in the public benches. The court allows attorney voir dire. Because voir dire usually extends to jurors in the public rows (not just the twenty-one in the box), usually no additional questioning is needed, but the court allows that process if necessary. The court addresses hardship excuses, challenges for cause, and peremptory challenges out of the prospective jurors' presence. Then, the eight (or other number of) jurors with the lowest numbers will be the final jury.

The court may alter these procedures.

### 3. Other Trial Logistics

#### 3.1 Juror Notes and Questions

Jurors may take notes. Note pads will be distributed at the beginning of each trial and collected at the end of the day and locked in the jury room. The court will instruct the jury on the use of notes in its preliminary and final jury instructions. The court allows juror questions during trial.

**3.2  Trial Time Limits**

At the final pretrial conference, the court will set time limits for opening statements, witness examinations (direct, cross, or re-direct), and closing arguments. The time taken at a sidebar or on objections will be charged to the examining party unless otherwise ordered.

**3.3  Advance Notice at Trial: Opening Statements and Witness Order of Proof**

Counsel must meet and confer about, and exchange, any visuals, graphics, or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions. Generally, visual presentations must be exchanged at 2 p.m. two business days before opening statements. Objections must be filed by 8:00 a.m. the next day, with a chambers copy delivered by 11:00 a.m. that includes the documents and copies of cited cases. The court may decide the issues on the papers or convene a Zoom conference to discuss them.

Generally, by 2:00 p.m. on any court day, counsel must give written notice of the order of witnesses for the next court day and the exhibits (including illustrative exhibits) to be used on direct examination (other than for true impeachment of a witness). The parties must notify the court by 4:00 p.m. of any objections to the exhibits, and the court may schedule a conference that afternoon or the following morning to resolve the dispute. In complex cases, the court may require notice two court days before the testimony by 2:00 p.m. Objections then are due the next day at 8:00 a.m., and chambers copies (including the disputed exhibits and the cited cases) must be delivered by 11:00 a.m. The court will address the disputes at the end of the trial day.

**3.4  Witness Examinations**

Generally there must be only one examining lawyer per witness per party, and the examining lawyer must make any objections to the opposing counsel's examination. The parties must have witnesses ready to testify so that trial gaps are avoided. Gaps may be construed as resting one's case. In cases with multiple parties, counsel must coordinate cross-examination to avoid duplication of testimony.

Counsel must place copies of exhibits to be used by a witness on the witness stand before the witness testifies.

Witnesses (except named parties) are excluded from the courtroom except when they are testifying. If a testifying witness has not been excused before a recess, that witness must be seated back on the stand when the court reconvenes. If a new witness is ready to be called immediately after a recess, the witness must be in the first row after the recess.

The appropriate party or the court may read into the record the undisputed facts at appropriate points in the trial.

### 3.5  Expert Testimony

Direct expert testimony is limited to matters disclosed in the expert's reports. Omitted material ordinarily may not be added on direct examination. Illustrative animations, diagrams, charts, and models may be used on direct examination only if they were part of the expert report, except that an expert may use simple drawings (such as those drawn by the witness at trial) that plainly illustrate a report's contents. If cross-examination fairly opens the door, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, all parties may relax these requirements. As to damages studies, the cut-off for past damages is the date of the expert report (or an earlier date selected or used by the expert). Experts may project future damages after this cut-off date if they can meet substantive standards for future damages. With timely leave of court or by written stipulation, the experts may update their reports (or provide supplemental reports) at a date closer to the time of trial.

### 3.6  Use of Depositions to Impeach a Trial Witness

The following procedures apply.

On the first day of trial, counsel must bring the original and clean copies of the depositions to be used at trial. If counsel might use a deposition against a witness, counsel must provide the court with a copy at the outset of the examination. Opposing counsel must have copies of witness depositions immediately available.

Counsel must seek permission from the court before reading a passage into the record. For example, counsel must state, "I ask to read page 210, lines 1 to 10, from the witness's deposition." Counsel must pause briefly to allow any objection.

The first time counsel reads a deposition, counsel must state the deponent's name, the name of the lawyer asking the question, and whether the deposition was a Federal Rule of Civil Procedure 30(b)(6) deposition. The first time a deposition is read, the court will instruct the jury about depositions.

When reading the passage, counsel must employ the following technique. Counsel must state, "question" and then read the question exactly, and then state, "answer" and read the answer exactly. This will allow the jury and court reporter to follow who said what at the deposition. Opposing counsel may ask to read additional testimony necessary to complete the context. It is not necessary to ask, "didn't you say XYZ in your deposition" to lay a foundation.

### 3.7  Use of Depositions of Party-Opponents

Subject to Rule 403, a party-opponent's depositions may be used for "any purpose" and may be read into the record at any time (with no need to contradict a witness and regardless of the witness currently testifying). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

### 3.8  Use of Depositions for Witnesses Appearing Only by Deposition

When the packet (see above for procedures to assemble deposition packets) is read to the jury, the examiner must read the questions (and any relevant colloquy) from the lectern while a colleague sits in the witness stand and reads the answers. While reading the deposition, the reader and "witness" must refrain from undue emphasis or dramatization. If a read-in is short, a single attorney can read it all, being careful to say "question" and "answer" for the court reporter's and jury's comprehension. Exhibits may be projected onto the screen as they are referenced. Court reporters do not transcribe video excerpts so counsel must file an exact copy of what was shown.

### 3.9  Exhibits

At the end of each day, counsel must confer with each other and with the deputy clerk to confirm what exhibits are in evidence and any limitations on their use. Counsel must bring any differences to the court's attention. Similarly, before closing argument, counsel must confer with each other and the deputy clerk to finalize the exhibits and prepare any final exhibit list. That list may include a brief non-argumentative description of the exhibit to help the jury access the

exhibits. The final exhibits must be provided on a thumb drive before closing argument so that they can be loaded onto the jury laptop for deliberations.

### 3.10 Stipulations

Counsel must read all stipulations to the jury for them to be part of the record.

### 3.11 Objections

Counsel must stand when making objections, give only the legal basis ("objection, calls for speculation" or "objection, hearsay").

### 3.12 Sidebar Conferences

Side-bar conferences are discouraged. If matters must be discussed outside the jury's presence, then counsel should raise them at the beginning or end of the day or while the jury is on break.

### 3.13 Charging Conference

Before the close of evidence, the court will provide draft final jury instructions to the parties and allow a reasonable time for review. Then, the court will hold one or more charging conferences to address the instructions. The parties must renew any specific instruction request — including those requested pretrial — at the conference or it will be deemed waived. For example, if a party wants to request an instruction that the court omitted from its draft instructions, the party must re-request it at the charging conference or the request will be deemed waived or abandoned.

## 4. Additional Procedures for Bench Trials

The parties must comply with the above procedures, unless they apply only to jury trials (e.g., instructions and verdict forms). If a case has claims for the jury and claims for the court, then all claims are tried at the same time.

The parties must file any stipulated facts and conclusions of law no later than sixty-three days before the final pretrial conference. Then, the parties' briefs must be sequential so that the party with the burden of proof goes first. The plaintiff's opening brief (up to twenty-five pages) is due forty-nine days before the pretrial conference. The defendant's opposition and brief on affirmative defenses and any counterclaims (up to twenty-five pages) is due fourteen days later. The plaintiff's

reply and opposition (up to twenty-five pages) is due fourteen days later. The defendant's reply (up to fifteen pages) is due seven days later.

Proposed findings of fact must be supported by citations to the evidence that will be offered at trial. Conclusions of law that rely on substantive-law instructions from the Ninth Circuit Manual of Model Jury Instructions, CACI, or other model instructions must be cited, any modifications must be identified, and copies of the model and blacklined modified instructions must be attached. All conclusions of law — disputed or undisputed — must be supported by citation (including pin cites) in the format used by the Ninth Circuit Manual.

**IT IS SO ORDERED.**

Dated: June 16, 2025

_____
LAUREL BEELER
United States Magistrate Judge